# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2010

No. 09-50286
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISMAEL TORALBA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2397-4

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ismael Toralba appeals his jury trial convictions for conspiracy to attempt to possess with intent to distribute five kilograms or more of cocaine and attempted possession (and aiding and abetting) with the intent to distribute five kilograms or more of cocaine. On appeal, Toralba argues that the evidence established only his mere presence, which was insufficient to establish his guilt.

Because Toralba timely moved for a judgment of acquittal, we review his sufficiency claim de novo. *United States v. Ollison,* 555 F.3d 152, 158 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2009).  Viewing the evidence in the light most favorable to the verdict, we must determine whether a rational jury could have found that the evidence established the elements of the offenses.  *See id.*

Mere presence at a scene of criminal activity and association with other defendants is insufficient to support a conviction.  *United States v. Paul,* 142 F.3d 836, 840 (5th Cir. 1998).  However, a jury may find knowing and voluntary participation in a conspiracy when the defendant's presence "is such that it would be unreasonable for anyone other than a knowledgeable participant to be present."  *Id.* (internal quotation marks and citation omitted).  In the instant case, there was surveillance evidence and testimony establishing that Toralba was present on several occasions when the proposed drug transaction was being discussed and when cocaine was shown to other defendants.  Because a rational jury could find that it "would be unreasonable for anyone other than a knowledgeable participant to be present" on such occasions, it could find that Toralba knowingly and voluntarily participated in the conspiracy and attempted possession.  *Id.* (internal quotation marks and citation omitted)

In addition, the testimony established that Toralba knowingly and voluntarily participated in the drug transaction in various ways, including acting as a lookout, offering the use of his home office, assisting in the opening a package of cocaine, and by evaluating the "vibes" surrounding the participants and the locations used.  He also provided reassurance to several participants by stating that everything was safe or going well, which encouraged the other participants to complete the transaction.

Therefore, we conclude that there was sufficient evidence for a rational jury to find that the elements of the offenses were established beyond a reasonable doubt.  *See Ollison,* 555 F.3d at 158.

AFFIRMED.

2